UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED 08 MAR 13 AM 10: 45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. 08 MJ 0802 |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 18, U.S.C., Section 1326 |
| **Eduardo CASTRO** ) | Deported Alien Found In the United States |
| ) | |
| Defendant. ) | |

The undersigned complainant, being duly sworn, states:

On or about **March 12, 2008**, within the Southern District of California, defendant **Eduardo CASTRO**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 13th day of **March, 2008.**

UNITED STATES MAGISTRATE JUDGE

## **PROBABLE CAUSE STATEMENT**

On March 12, 2008 at approximately 6:00 AM, Immigration and Customs Enforcement (ICE) Agents with the assistance of Customs and Border Protection (CBP) Enforcement Officers served a search warrant at a residence located on Via Capri Street in Chula Vista, California. Present at the address was a male later identified as **Eduardo CASTRO (Defendant).** Defendant was determined to be a citizen of Mexico without proper documents to enter or reside in the United States. Defendant was transported to the San Ysidro Port of Entry for further processing.

At the San Ysidro Port of Entry, Defendant was queried by ten-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS resulted in a positive match to the query, confirming Defendant's identity and linking him to Immigration and FBI records.

Immigration service records, including the Deportable Alien Control System (DACS), revealed Defendant is a citizen of Mexico and had been previously removed from the United States to Mexico. DACS indicates Defendant was ordered deported, excluded or removed by an Immigration Judge from the United States to Mexico on or about November 26, 2003. Immigration service records contain no evidence that Defendant has applied nor received permission from the United States Attorney General or his designated successor, the Secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.

Defendant was advised of his Miranda rights and elected to make a statement and answer questions without a lawyer present. Defendant admitted he is a citizen of Mexico by birth in Durango, Mexico. Defendant admitted he possesses no documents or other benefit that would permit his legal entry into the United States. Defendant stated he entered the United States without inspection, on foot, near Imperial Beach, California approximately two weeks ago.